FILED & ENTERED

DEC 01 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum      DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| In re: | Case No. 2:16-bk-21495-RK |
|---|---|
| **WAYNE L. BORDERS,** | Chapter 7 |
| Debtor. | **MEMORANDUM DECISION ON: (1) ORDER TO MORTGAGE LENDER SERVICES, INC., TO SHOW CAUSE RE: CONTEMPT; (2) MOTION OF MORTGAGE LENDER SERVICES, INC. FOR RECONSIDERATION OF ORDER TO SHOW CAUSE; AND (3) MOTION OF MORTGAGE LENDER SERVICES, INC., FOR RELIEF FROM AUTOMATIC STAY** |

Pending before the court are: (1) the Order Granting Debtor Wayne L. Borders's Application for Order to Show Cause re: Contempt Against Mortgage Lender Services Inc., Electronic Case Filing No. ("ECF") 16 (referred to herein as "OSC"), filed and entered on September 28, 2016; (2) the Motion of Mortgage Lender Services Inc. for Reconsideration of Order Granting Debtor Wayne L. Borders's Application for Order to Show Cause re: Contempt against Mortgage Lender Services, Inc. (referred to herein as "Reconsideration Motion"), ECF 23, filed on October 12, 2016; and (3) the Motion of

1

1  Mortgage Relief Services, Inc., for Relief from the Automatic Stay (referred to herein as

2  "Stay Relief Motion"), ECF 24, filed on October 24, 2016.

3       The OSC was set for hearing on November 30, 2016.  The Reconsideration

4  Motion was noticed for hearing on November 15, 2016 at 2:30 p.m.  The Stay Relief

5  Motion came before the court for hearing on November 15, 2016 at 10:30 a.m., and the

6  following appearances were made: Thomas R. Phinney, of the law firm of Parkinson

7  Phinney, appeared for Mortgage Lender Services, Inc. (referred to herein as "MLS"),

8  William J. Smyth, of the law firm of SW Smyth LLP, appeared for Debtor Wayne L.

9  Borders (referred to herein as "Debtor"), Elan S. Levey, appeared for the United States

10  Department of Housing and Urban Development (referred to herein as "HUD").  At the

11  hearing on the Stay Relief Motion on November 15, 2016, the court discussed all three of

12  these matters, the OSC, the Stay Relief Motion and the Reconsideration Motion, with

13  counsel for the parties appearing at the hearing.  The court expressed its initial view that

14  the disposition of all three matters depended on whether Debtor's equitable interest in the

15  subject real property held through his mother's trust was property of the bankruptcy

16  estate and subject to the automatic stay.  The court inquired of counsel whether there

17  was any other evidentiary matter or issue to be resolved before the court ruled on the

18  question of whether Debtor's interest was property of the estate, and all counsel indicated

19  that there was not.  Thereupon, the court set a further hearing on the Stay Relief Motion

20  for November 30, 2016 at 2:00 p.m., the same time as the scheduled hearing on the

21  OSC, and also continued the hearing on the Reconsideration Motion from November 15,

22  2016 at 2:30 p.m. to the same date and time.  By further order entered on November 23,

23  2016, the court continued on its own motion the hearings on all three matters from

24  November 30, 2016 at 2:00 p.m. to December 14, 2016 at 11:30 a.m.

25       Having considered the moving and opposition papers on these three matters and

26  the arguments of the parties in their papers and at the hearing on November 15, 2016,

27  and the other papers and pleadings related to these matters, pursuant to Local

28

1   Bankruptcy Rule 9013-1(j)(3), the court determines that oral argument on the OSC and

2   Reconsideration Motion is not necessary, dispenses with oral argument on the OSC and

3   the Reconsideration Motion, vacates the scheduled hearings on the OSC and the

4   Reconsideration Motion, takes these matters under submission, but leaves the hearing

5   on the Stay Relief Motion now set for December 14, 2016 at 11:30 a.m. on calendar and

6   will hear argument on the Stay Relief Motion at the time, and further rules as follows.

7        On September 14, 2016, Debtor filed his Application for Order to Show Cause as

8   to Why Wells Fargo Bank, N.A., Fidelity National Title Company, Mortgage Lender

9   Services, Inc., and the United States Secretary of Housing and Urban Development

10  Should Not Be Held in Contempt for Violation of the Automatic Stay and Order Them to

11  Pay Compensatory and Punitive Damages (referred to herein as the "Application").  ECF

12  12, filed on September 14, 2016.  Through the Application, Debtor sought an order to

13  show cause against MLS and others for foreclosing on the subject real property located

14  at 8714 La Salle Ave., Los Angeles, California  90047  (the "Property") in violation of the

15  automatic stay.  At the time of the foreclosure, title to the Property was held in the name

16  of the 2004 Ethel Mae Borders Revocable Living Trust (the "Trust"), a trust created by

17  Debtor's mother in which Debtor is a beneficiary.  Declaration Establishing the 2004 Ethel

18  Mae Borders Revocable Trust, Application, Exhibit A and Schedule A attached thereto;

19  *see also,* Declaration of Tara Campbell at 1-6 and exhibits thereto, attached to the

20  Reconsideration Motion.  The trust instrument contained the following spendthrift trust

21  provision applicable to trust beneficiaries like Debtor: "No interest in the principal or

22  income of any trust created under this Declaration shall be anticipated, assigned,

23  encumbered, or subjected to creditor's claim or legal process before actual receipt by the

24  beneficiary."  Application, Exhibit A at 10.

25       On September 28, 2016, the court filed and entered the OSC, which ordered MLS

26  to respond and show cause why it should not be held in civil contempt for violation of the

27  automatic stay.  ECF 16.  MLS timely filed its response to the OSC, ECF 43, which

28

1  incorporates by reference, its Reconsideration Motion, ECF 23, which, among other

2  things, requested that the court add Novad and HUD as respondents to the OSC.

3  Debtor, HUD and Novad filed written responses to the Reconsideration Motion.  ECF 31,

4  33 and 35.  MLS filed separate replies thereto.  ECF 39, 40 and 41.

5       Before the court addresses whether the foreclosure by MLS as foreclosure trustee

6  against the Property was in violation of the automatic stay, as a threshold matter, the

7  court must determine whether the Property, or more specifically, any interest of Debtor in

8  the Property, constitutes property of the bankruptcy estate.  Under the terms of the Trust,

9  of which Debtor is a beneficiary, set forth in the trust instrument, Declaration Establishing

10  the 2004 Ethel Mae Borders Revocable Trust, Application, Exhibit A at 1, "[u]pon the

11  death of Settlor, the Trustee shall divide the residue of the Trust Estate into equal shares,

12  one such share for each then living Settlor's child, outright and free of trust, provided they

13  survive Settlor by thirty (30) days."  Application, Exhibit A at 3.  The trust instrument

14  recited that Ethel Mae Borders was the Settlor of the Trust and that she had 7 children,

15  including Debtor, who were identified in the trust instrument as "Settlor's children."   The

16  facts are undisputed that the Settlor of the Trust, Ethel Mae Borders, passed away on

17  August 16, 2015 as indicated on the certified copy of her death certificate attached as

18  Exhibit C to the Application, that Debtor, her son, survived the Settlor by 30 days, and

19  that the trustee of the Trust did not distribute any interest in the Property, the Trust's

20  residue, which included its ownership of the Property as part of the undistributed trust

21  corpus, to Debtor before MLS conducted the foreclosure sale of the Property.

22  Accordingly, it appears that based on the express terms of the Trust set forth in the trust

23  instrument, Debtor had and has an equitable interest in the Property through his right to a

24  share of the trust residue.

25       The court must now address the legal question of whether the spendthrift trust

26  provision of the Trust shields the Property from becoming property of the estate.  *See,* 1

27  March, Ahart and Shapiro, *California Practice Guide: Bankruptcy*, ¶ 6:153 at 6-21 (2015)

28

1  ("The debtor's interest as beneficiary of a trust is property of the estate unless it is

2  protected by a valid spendthrift provision"), *citing, In re Cutter*, 398 B.R. 6, 19 (9th Cir.

3  BAP 2008).  The court considers this legal question to be a matter of California law

4  because the trust instrument specifies that the trust is to be governed by California law.

5  Application, Exhibit A at 9 (Article X.E states: "The validity of the Declaration and

6  construction of its beneficial provisions shall be governed by the laws of the State of

7  California in force from time to time. . . .").  The applicable law on this question of whether

8  the spendthrift trust provision of the Trust shields the Property from becoming property of

9  the estate under California law is set forth in the decision of the Ninth Circuit in *In re*

10  *Neuton,* 922 F.2d 1379 (9th Cir. 1990), which states:

11  

12  

13  
> It is undisputed that trust provisions forbidding the voluntary or involuntary transfer of a beneficiary's interest in trust income or principal are enforceable under California law . . . However, the [California] Probate Code provides that despite such restraints a creditor may obtain an order directing the trustee to satisfy all or part of the judgment out of the payment to which the beneficiary is entitled under the trust instrument so long as the payment does not exceed 25% of the payment that otherwise would be made to the beneficiary.

14  

15  922 F.2d at 1383, *citing inter alia,* California Probate Code §§ 15300-15307 (and in

16  particular, § 15306.5).  Specifically, pursuant to 11 U.S.C. § 541(c)(2)(stating that a

17  restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable

18  under applicable nonbankruptcy law is enforceable in a bankruptcy case) and California

19  Probate Code § 15306.5 (providing that despite the general enforceability of spendthrift

20  trust provisions, a judgment creditor may obtain a court order to satisfy a judgment

21  against a debtor from payment made by a trust not to exceed 25 percent of what the

22  debtor as a trust beneficiary would otherwise receive), the Ninth Circuit held that 25

23  percent of a trust distribution due to a Chapter 7 bankruptcy debtor from a spendthrift

24  trust is property of his bankruptcy estate within the meaning of 11 U.S.C. § 541(a)(1) and

25  is not excluded from the estate pursuant to 11 U.S.C. § 541(c )(2).  *In re Neuton,* 922

26  F.3d at 1382-1383.  Accordingly, under these authorities, 25 percent of Debtor's

27  equitable interest in trust assets (i.e., apparently, a 1/28 interest, assuming there are

28

1   seven surviving children of the Settlor, in the trust residue, including the undistributed

2   corpus which includes in turn the Property) to be distributed to him as a trust beneficiary

3   being a surviving child of the Settlor, including a share in ownership of the Property, is

4   property of the bankruptcy estate.

5        Debtor contends that in foreclosing the Property after he filed his bankruptcy

6   petition, MLS violated the automatic stay under 11 U.S.C. § 362(a)(3), which provides

7   that a petition filed under Chapter 7 of the Bankruptcy Code operates as a stay of "any

8   act to obtain possession of property of the estate or of property from the estate or to

9   exercise control over property of the estate."   The bankruptcy court may hold a party in

10   civil contempt for a willful violation of the automatic stay.  *In re Goodman*, 991 F.2d 613,

11   619-620 (9th Cir. 1993).  The Ninth Circuit in *In re Dyer,* 322 F.3d 1178 (9th Cir. 2003)

12   set forth the standard for finding a party in civil contempt:

13
14
15
> The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court.  Because the metes and bounds of the automatic stay are provided by statute and systematically applied to all cases, there can be no doubt that the automatic stay qualifies as a specific and definite court order.

16
17   322 F.3d at 1190-1191 (internal citations and quotations omitted).  Moreover, 11 U.S.C.

18   362(k)(1) provides that "an individual injured by any willful violation of a stay provided by

19   this section shall recover actual damages, including costs and attorneys' fees, and, in

20   appropriate circumstances, may recover punitive damages."   "[T]he statute provides for

21   damages upon a finding that the defendant knew of the automatic stay and that the

22   defendant's actions which violated the stay were intentional."  *Id.* at 1191*, quoting, In re*

23   *Pace*, 67 F.3d 187, 191 (9th Cir. 1995) (discussing 11 U.S.C. § 362(h), which was re-

24   designated as 11 U.S.C. § 362(k)(1) under the Bankruptcy Abuse Prevention and

25   Consumer Protection Act of 2005).

26        It is undisputed that Debtor filed his voluntary petition for relief under Chapter 7 of

27   the Bankruptcy Code, 11 U.S.C., on August 29, 2016, ECF 1, that MLS conducted a

28   foreclosure sale of the Property on August 30, 2016 and that MLS knew of Debtor's

1  bankruptcy petition when it conducted the foreclosure sale of the Property as admitted by

2  MLS in the declaration of its officer, Tara Campbell, after being advised on August 29,

3  2016 of the bankruptcy filing by counsel for Debtor, Declaration of Tara Campbell at 4-6,

4  attached to the Reconsideration Motion.  Accordingly, the court finds that Debtor has

5  shown that MLS knowingly violated a specific and definite order of the court in the

6  automatic stay arising upon the filing of Debtor's bankruptcy case when MLS conducted

7  the foreclosure sale of the Property in which Debtor had an equitable interest on August

8  30, 2016 despite MLS's knowledge of Debtor's bankruptcy case and the automatic stay

9  which stays acts against property of the estate, including Debtor's equitable interest in

10 the Property.  Additionally, because acts in violation of the automatic stay are void, not

11 just voidable, *In re Schwartz*, 954 F.2d 569, 571 (9th Cir. 1992)(citation omitted), the

12 court determines that the August 30, 2016 foreclosure sale is void.

13        As to Debtor's request for compensatory damages for MLS's violation of the

14 automatic stay, as the Ninth Circuit has emphasized, "attorneys' fees are an appropriate

15 component of a civil contempt award."  *In re Dyer*, 322 F.3d at 1195 (citation omitted).

16 Because Debtor was required to bring legal action to protect his equitable interest in the

17 Property from a violation of the automatic stay pursuant to the Bankruptcy Code, the

18 court determines that Debtor should be awarded his attorneys' fees and costs of

19 $1,165.10 incurred in bringing this stay violation to the court's attention as the

20 compensatory damages that he requested.  Application at 6.   The court finds that the

21 attorneys' fees and expenses claimed by Debtor as detailed in the Application are

22 reasonable under the circumstances.  Exhibit E to Application.  .

23        As to Debtor's request for punitive damages for MLS's violation of the automatic

24 stay, the court exercises its discretion under 11 U.S.C. § 362(k) and awards Debtor

25 punitive damages of $500.00.  Debtor through counsel indisputably put MLS on notice

26 that in conducting the foreclosure sale, it was acting in violation of the automatic stay that

27 protected his equitable interest in the Property.  In order to vindicate the policies of the

28

1   Bankruptcy Code to stay creditor action pending an orderly consideration of the interests

2   of the various parties to the bankruptcy case regarding property of the bankruptcy estate,

3   the court should impose punitive damages as the need here to enforce these policies

4   outweigh the minimal burden on MLS to apply for stay relief and demonstrate appropriate

5   circumstances for Debtor to recover punitive damages under 11 U.S.C. § 362(k).  While

6   MLS need not have agreed to Debtor's request for a 90 day continuance of the sale, it

7   could have had a motion for relief from the automatic stay heard on regular 21 days'

8   notice pursuant to Local Bankruptcy Rule 9013-1.  The amount of $500.00 as sanctions

9   is sufficient to make an example of MLS under the circumstances here.

10          As to MLS's Reconsideration Motion, the court should deny the motion as

11  procedurally improper.  Under Local Bankruptcy Rule 9020-1, MLS had 7 days from

12  service of the original Application for the OSC to object to the issuance of an OSC, but it

13  did not.  MLS should not be allowed to ask for reconsideration when it defaulted in

14  responding to the Application in the first instance.  Furthermore, MLS in its

15  Reconsideration Motion requests that the court add Novad and HUD as parties to the

16  OSC as other culpable parties, which request is improper for a motion for reconsideration

17  because MLS's request for relief is in itself a motion within the meaning of Federal Rule

18  of Bankruptcy Procedure 9013 and Local Bankruptcy Rule 9013-1 and is seeking, in

19  effect, to amend the original motion for the OSC, which was made by another party.  MLS

20  can bring its own motion for indemnification if it wishes, but may not properly "piggyback"

21  its request for relief on the motion of another party.

22          Based on the foregoing, the court hereby orders as follows:

23      1.  The court finds that Debtor has shown by clear and convincing evidence that

24          MLS should be held in civil contempt for knowingly violating the automatic stay

25          in this bankruptcy case when it conducted the foreclosure sale of the Property

26          in which Debtor had an equitable interest without first seeking relief from stay,

27          and the court so holds MLS in civil contempt.

28

8

2.  The court further finds that the foreclosure sale of the Property conducted by MLS on August 30, 2016 is void.

3.  Debtor is awarded compensatory damages in the amount of $1,165.10 for attorneys' fees and expenses reasonably incurred to bring MLS's contemptuous conduct to the court's attention and punitive damages of $500.00 to make an example of MLS to deter it from acting in violation of the automatic stay in the future.

4.  MLS's Reconsideration Motion is denied without prejudice to it bringing a motion for indemnity or other relief on its own behalf.

5.  The further hearings on the OSC and Reconsideration Motion set for December 14, 2016 at 11:30 a.m. are vacated.

6.  The further hearing on the Stay Relief Motion is to remain on calendar on December 14, 2016 at 11:30 a.m.  The court will hear argument from the parties on the Stay Relief Motion at that time.  The tentative ruling for the Stay Relief Motion is to grant stay relief for cause under 11 U.S.C. § 362(d)(2) since the loan against the Property remains in default, Debtor has no equity in the Property based on the value stated in his schedules (i.e., Zillow.com valuation opinion lacks foundation to be considered as admissible evidence, *see, e.g.,* Federal Rules of Evidence 602, 603, 702 and 802), the Property is not needed for the effective reorganization of the Debtor since this is a Chapter 7 liquidation bankruptcy case, and deny requests for extraordinary relief to evict any and all occupants from the Property based on the lack of legal authority for such relief, *In re Van Ness,* 399 B.R. 897 (Bankr. E.D. Cal. 2009) and for stay annulment based on MLS's knowing violation of the automatic stay resulting in the finding of civil contempt herein.  To the extent that the 30-day deadline under 11 U.S.C. § 362(e) has run, the court finds compelling circumstances to extend any such deadline to hear argument and complete its deliberations on

1    the Stay Relief Motion and the related matters of the OSC and Reconsideration

2    Motion since the issues relating to these matters are intertwined.

3    7.  Counsel for Debtor is ordered to submit proposed final orders pertaining to the

4    court's rulings on the OSC and Reconsideration Motion.

5    **IT IS SO ORDERED.**

6    ###

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23    Date: December 1, 2016

24    _____
      Robert Kwan
      United States Bankruptcy Judge

25

26

27

28